■ The People of the State of New York, Respondent, v. Rommey White, Appellant.— Conviction of defendant, upon plea of guilty, of crime of attempted grand larceny in third degree, reversed, on the law, and vacated, his plea of guilty vacated and set aside, indictments No. 548 of 1968 and 1327 of 1968 reinstated, and matter remanded for proper proceedings under such indictments. The reversal and remand are required because it does not appear that there was due compliance with the procedures required by statute for the determination as to whether the defendant, age 16 at the time, was entitled to youthful offender treatment as recommended by the Grand Jury in connection

with indictment No. 548 charging him with robbery in the second degree and grand larceny in the third degree. (See Code Crim. Pro., §§ 913-e, 913-g.) The defendant's plea of guilty of attempted grand larceny in the third degree was entered on arraignment under said indictment No. 548 and the plea was taken to cover indictment No. 1327 also charging robbery and larceny. The defendant contends, in the brief submitted on this appeal, that notwithstanding the due recommendation for youthful offender treatment in connection with indictment No. 548, the court " (A) failed to conduct the examinations, investigation, and questioning required by section 913-g preceding a determination of eligibility or ineligibility for youthful offender treatment; and (B) failed, in violation of due process, to make findings of fact on which the denial was based", citing *People* v. *Sykes* (22 N Y 2d 159, 164) and *People* v. *Towler* (30 A D 2d 876). Although the People claim that a youthful offender conference was duly held and that the defendant was denied youthful offender treatment, there is no proper record of any proceedings held pursuant to the youthful offender recommendation of the Grand Jury nor of any findings or determination in connection therewith. The defendant, before being required to plead to indictment No. 548, was entitled to the benefit of the procedures required by section 913-g of the Code of Criminal Procedure and to a determination of whether he was eligible for youthful offender treatment. Upon the remand, the court shall take such proceedings as may be proper and necessary pursuant to the youthful offender recommendation and, following such proceedings, the District Attorney and court shall proceed as required by law to dispose of the aforesaid indictments Nos. 548 and 1327. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.